IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| EDWARD H. COLEMAN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14-CV-672 |
| JOHN B. FOX, *et al.*, | § | |

## AMENDED ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Edward Henry Coleman, a prisoner formerly confined at USP Beaumont, proceeding pro se, filed this *Bivens*-type[1] action against defendants Benoit, Froisness, Gardner, Graves, Kapparis, Lamb, Landry, and Odom.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion for summary judgment be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. As outlined by the Magistrate Judge, an analysis of the five *Hudson* factors after reviewing the video evidence presented by defendants reveals that the defendants did not violate plaintiff's Eighth Amendment rights during the incident at issue. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Although plaintiff suffered an injury from the use of force, the injury was the result of plaintiff's refusal to walk as instructed; the force used was the force necessary to move plaintiff from the yard, to the Lieutenant's office, to medical and then to the SHU. The Fifth Circuit has consistently found no excessive use

---

[1] In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court recognized an individual's right to recover damages from federal officials for violations of constitutional rights.

of force violations when prison officials employ force against inmates refusing to comply with orders. *See, e.g., Baldwin v. Salder*, 137 F.3d 836, 840-41 (5th Cir. 1998); *Thomas v. Comstock*, 222 F. App'x 439 (5th Cir. Mar. 16, 2007); *Johnson v. Hammill*, 2010 WL 1189497 (E.D. Tex. Mar. 23, 2010). The defendants' actions were objectively reasonable and they are entitled to qualified immunity.

As to plaintiff's claims of conspiracy, plaintiff has failed to support his allegations with any facts demonstrating an agreement between the defendants to deprive him of his constitutional rights nor has he shown an actual deprivation of his constitutional rights. *See Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1992).

To the extent plaintiff now argues the defendants violated BOP policy, this claim similarly lacks merit. *Taylor v. Howards*, 268 F.3d 1063, *1 (5th Cir. July 1, 2001) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)) (alleged failure to follow prison rules and regulations does not give rise to a constitutional violation).

## ORDER

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Partial Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **12** day of **June, 2018.**

_____
Thad Heartfield
United States District Judge